## W. H. BROOKS v. W. J. HALL.

COMPROMISE, *When Binding — When Not Invalidated*.   If two parties having, or supposing that they have, claims upon each other, agree to compromise those claims, and thereupon make a settlement of their matters in dispute, and they act at the time with good faith, and stand on an equal footing, and have equal means of knowledge as to the facts, the compromise and settlement are binding; and it is not enough to invalidate the compromise and settlement, that one of the parties made an error in the calculation of the items of his claim.

*Error from Shawnee District Court.*

JUDGMENT for plaintiff *Hall* at the September Term, 1884, to reverse which the defendant *Brooks* brings the case here. The material facts are stated in the opinion.

*G. N. Elliott*, and *Thomas Archer*, for plaintiff in error.

*G. W. Carey*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: Action by Hall against Brooks to recover $131, alleged to be a balance due for work and labor. Hall built a frame dwelling for Brooks on the corner of Lane and Eighth streets in the city of Topeka, under a written contract executed June 22, 1882, the contract-price being $525. He constructed one or two outside buildings under a verbal contract, and alleges that he did some extra work upon the dwelling, for all of which he charges $180.50. He admits credits by payments of ·$574.50. Brooks alleges that the work on the dwelling was done in an unworkmanlike manner, and because of this that he has been damaged $552. He also alleges that after the completion of the work there was a compromise of their claims upon each other, and that Hall was paid by him thereon $65. Upon the trial the jury returned a verdict for Hall of $151.09. In the motion for a new trial filed by Brooks, it is alleged that the verdict is not sustained by any evidence, and that the damages given by the jury are excessive, and appear to have been given under the influence of passion or prejudice. The evidence in the case clearly establishes a compromise and settlement. The great preponderance of the evidence shows that the dwelling was defectively constructed. The architect testified "that the work was not done in a good and workmanlike manner." The evidence in the case also shows that after all the work was done by Hall, Brooks was dissatisfied with it.

About November 1, 1882, Hall went to see Brooks to get a settlement with him for the building of the dwelling and for his other work. Brooks told him to go down town and get Mr. Hadley, the architect; Hall did as requested; Hadley came up and the parties went through the house together, Hadley pointing out to Hall the porches, steps and windows, as not having been properly constructed. After looking through

the dwelling, the parties went into one of the rooms and tried to settle. There were differences between them. Hall wanted his pay for the work, and Brooks objected to its character, and made claim for large damages. Finally, in the presence of Hadley, the architect, Hall and Brooks made a compromise and settlement of their claims upon each .other, Brooks paying $65, and Hall accepting the same, and executing the following writing:

"Received of W. H. Brooks jr. sixty-five dollars, in full of all demands to date of whatever nature and character, for all work of every description done for him, or at his suggestion, on house, barns, shed, privy, and porches.

W. J. HALL."

The next day Hall went to Brooks and claimed that he had made a mistake in his figures, and wanted $131 more, but he did not offer to return the money received by him upon the settlement.

The rule is, if two parties having, or supposing that they have, claims upon each other, agree to compromise those claims, and to come to a general settlement of the matters in dispute between them without resorting to litigation, and they act with good faith and stand upon an equal footing, and have equal means of knowledge as to the facts, the compromise is binding. It is not enough to set aside the compromise, that one of the parties may have been in error as to his figures. It is not claimed in this case that there was any mutual mistake of the parties, or that Brooks was guilty of any fraud, deceit, or misrepresentation. The only reason that Hall claims the compromise and settlement should be set aside, is, because he made a mistake in subtraction at the time of the compromise. This is not enough to invalidate the transaction. Of course if there was nothing in this case but the mere writing or receipt executed by Hall, the receipt would be open to explanation. (*Thompson v. Williams*, 30 Kas. 114; *Bridge Co. v. Murphy*, 13 id. 35.) But as it appears that there was a compromise and settlement between the parties at the date of the writing or receipt, and as the jury had no

evidence before them tending to show that such compromise and settlement were the result of any mutual mistake, or fraud or unfairness, there was no evidence upon which they had the right to reject or overturn such compromise and settlement, and therefore the verdict of the jury, being unsupported by the evidence, must be set aside.

All the Justices concurring.