## A. M. LANPHEAR & CO. v. HARRIET KETCHAM.

ACTION — *Settlement — Dismissal — Promissory Note — Attachment — Title.*
Where a plaintiff brings an action against a defendant and his wife
to recover upon an unliquidated claim of the husband, and an account
is sought therein, and the petition is also in the nature of a creditor's
bill against the wife, claiming that she holds specific real estate of the
husband as trustee, and an attachment is obtained and levied upon
the real estate, upon the ground that the husband has sold and dis-
posed of the same with the intent to hinder, delay and defraud his
creditors, and subsequently, upon a settlement between the plaintiff
and the defendants, the action is dismissed, upon the consideration
that the husband gives the plaintiff his note for $1,800, *held*, that

thereafter, in an action upon the note, the plaintiff is not entitled to attach the real estate referred to in the former petition as the property of the husband, the title of which, at the time of settlement, was and still is in the wife, who then and now claims to own the same.

*Error from Atchison District Court.*

On the 17th day of May, 1890, Lanphear & Co. commenced their action against William Ketcham, to recover $1,800, on a note of that amount, dated August 14, 1889, payable six months after date. The firm of A. M. Lanphear & Co. consisted of A. M. Lanphear and H. N. Jewett. On the 17th day of May, 1890, plaintiffs, after having filed an affidavit and bond for attachment, caused a writ to issue, and the same was levied on the east half of lot No. 4, in block 39, in the city of Atchison, upon which there is a store building. The property was appraised by the sheriff at $7,000. Later, and on May 31, 1890, Harriet Ketcham, the wife of the defendant, filed a motion to discharge the property from the attachment, on the ground that the same was owned by her, and that William Ketcham had no interest therein. The property attached was, on the 26th day of February, 1890, deeded by William and Harriet Ketcham, his wife, to David Martin, and on the same day David Martin executed a quitclaim deed to Harriet Ketcham. Afterward, on July 10, 1889, Herbert N. Jewett, a partner of Lanphear & Co., commenced an action in the district court of Atchison county against William Ketcham and Harriet Ketcham, to recover a judgment against William Ketcham for $1,677.03, and interest thereon from May 11, 1887, and to enjoin both defendants from disposing of, incumbering or selling the real estate in controversy, and for general relief. It was claimed in the petition that William Ketcham and A. M. Lanphear had been partners in business, and that in May, 1887, H. N. Jewett had purchased the interest of William Ketcham in the firm, and had overpaid him that much on the purchase price; and the action was brought to recover the amount of the alleged overpayment.

It was further averred that, at the time of the purchase, William Ketcham was the owner of the east half of lot 4, block 39, and that on or about February 26, 1889, he had conveyed the same to Harriet Ketcham, his wife, without consideration, for the purpose of cheating, swindling and defrauding his creditors, and especially H. N. Jewett, as Harriet Ketcham well knew at the time, and that William Ketcham was insolvent. A part of the petition was in the nature of a creditor's bill, but it concluded with a prayer for an injunction. A temporary injunction was granted against the sale or conveyance of the property by Harriet and William Ketcham; and an order of attachment was also sued out and levied on the same property, the ground therefor alleged in the affidavit being that "The defendant William Ketcham has assigned and disposed of his property with intent to defraud, hinder and delay his creditors." On August 22, 1889, a stipulation was entered into acknowledging the settlement of the case, and providing for its dismissal as settled at the cost of the plaintiff, and on September 9, 1889, the case was so disposed of by the court. The settlement of the case was effected by giving the promissory note by William Ketcham to A. M. Lanphear & Co. for $1,800, which is the basis of this action. The trial court discharged the property from the attachment. Lanphear & Co. excepted, and bring the case here.

*Mills, Smith & Hobbs*, for plaintiffs in error.

*W. W. & W. F. Guthrie*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: In the action of Jewett against Harriet Ketcham and her husband, William Ketcham, a temporary injunction was allowed, restraining them from selling or disposing of the real estate attached in this action. In that action, to obtain the attachment issued, A. M. Lanphear, as the agent of Jewett, made an affidavit that William Ketcham had assigned and disposed of his property with intent to hinder, delay and defraud his creditors. The second paragraph or

count of the petition was in the nature of a creditor's bill, seeking to have Mrs. Ketcham held as trustee of the real estate. If the first action had been dismissed at the instance of the plaintiff for defects in the petition only, or without prejudice to a future action, many of the questions discussed on the part of the plaintiffs would be entitled to serious consideration; but the first action was settled as well as dismissed. It was dismissed because it was settled. It was settled for the consideration of the $1,800 note, given by William Ketcham to the plaintiffs. This is the note sued on. With full knowledge of all the facts attending the transfer by William Ketcham to his wife of the real estate in dispute, Jewett settled the former action, and discharged the attachment, under an agreement with the parties. The plaintiffs cannot assail now the transfer of the real estate from Ketcham to his wife, upon a transaction prior to the settlement, even if any wrong existed originally concerning the same. The plaintiffs received the note in settlement of the former action, and, therefore, do not stand in the position of prior or existing creditors, with power to attack the transfer as a fraud upon their rights. (*Brooks v. Hall*, 36 Kas. 697.) Their status is rather that of a creditor subsequent to the transfer, with full knowledge, at the time of accepting the note in settlement, that Mrs. Ketcham held the title of and claimed the real estate in question. (*Sheppard v. Thomas*, 24 Kas. 780.)

The judgment will be affirmed.

All the Justices concurring.