JAMES T. NOLAN v. THE BOARD OF COUNTY COMMIS-
SIONERS OF THE COUNTY OF ELLIS.

No. 12,614.   (68 Pac. 1068.)

SYLLABUS BY THE COURT.

FEES AND SALARIES— *County Attorney.*   County attorneys are not
required by the provisions of chapter 141 of the Laws of 1899
(Gen. Stat. 1901, §§ 3023–3070), to account to the county for any
fees collected by them under the provisions of the prohibitory
law (Laws 1885, ch. 149, § 10; Gen. Stat. 1901, § 2475).

Error from Ellis district court; LEE MONROE, judge.
Opinion filed May 10, 1902.   Reversed.

*James T. Nolan,* for plaintiff in error.
*D. Rathbone,* for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J. : The main question in this case is
whether a county attorney is entitled to receive the
fee of twenty-five dollars for each count upon which a
defendant shall be convicted in cases under the pro-
hibitory law, as provided in section 10 of chapter 149,
Laws of 1885 (Gen. Stat. 1901, § 2475), or whether it
must be accounted for under the provisions of section
14 of chapter 141, Laws of 1899 (Gen. Stat. 1901,
§ 3036).

By section 1 of chapter 141, Laws of 1899 (Gen.
Stat. 1901, § 3023), it is provided:

"The officers and persons herein mentioned shall
be entitled to receive for their services the fees and
compensation herein allowed, and no other, except as
may be otherwise provided by law."

Section 7 of this act (Gen. Stat. 1901, § 3029) pro-
vides:

"The county attorneys of the several counties of
the state shall be allowed by the board of county com-
missioners of their respective counties the following

salaries per annum, as compensation for all services performed, to be paid out of the county treasury quarterly.''

Then follows the schedule of salaries to be paid, and the section closes with the requirement, ''all fees collected under the provisions of this section shall be turned into the general revenue fund of the county.''

It is contended by the defendant in error that, inasmuch as section 7 provides that the salary therein fixed shall be ''as compensation for all services performed,'' any and all other fees which shall come to the hands of the county attorney by virtue of his office belong to the county, and must be accounted for by him. We, therefore, have the somewhat conflicting provisions of section 1, which contemplates that the county attorney may receive other compensation than as provided in section 7, with the condition in the fore part of section 7, which seems to provide that the salary shall be in compensation for all services performed, and that in the close of section 7, which provides that only the fees collected under the provisions of section 1 are required to be turned into the general fund. We think, however, that a reconciliation of these apparent contradictions is not hard to find. The fee provided for by the prohibitory law is to be paid by the defendant in case of conviction, and in no case is the county liable for it. The salary provided for in section 7, quoted, is to be paid by the county out of the treasury, and is to be in full compensation for all services rendered to the county, for which the county would be liable. The county attorney is not required, under the latter part of section 7, to turn into the general fund the fee provided for in prosecutions under the prohibitory law. It seems quite clear that such fee goes to him under the provisions of section 1.

The provision of the prohibitory law requiring the payment to the county attorney by the defendant of a fee of twenty-five dollars for each count under which he has been convicted has never been repealed. No law is anywhere found which provides that this fee shall go to the county, directly or indirectly. We cannot think that in any event the county is entitled to receive it.

By construing the words, "for all services performed," to mean for all services performed for the county, which is a most natural and reasonable construction, all difficulties and inconsistencies vanish. We think this is the construction to be given it. It therefore follows that, in addition to the salary provided by section 7, which is to be paid by the county, the county attorney is entitled to the fee of twenty-five dollars, given by the prohibitory law, which can be collected only from the convicted defendant.

We are cited to the case of *Comm'rs of Graham Co. v. Van Slyck*, 52 Kan. 622, 35 Pac. 299, as opposed to this construction. We do not think that this case is applicable, or opposed to the view indicated above. In that case, the law required the county clerk to account for all fees received by him, and provided that the salary indicated should "be in full for all services by law required to be performed in their respective offices whatsoever." No exception is there made, as is found in section 1 of the act above quoted.

We think the court below erred in requiring the county attorney to account for the fees collected by him in prosecutions under the prohibitory law, and for the error in so holding we must reverse its judgment, and remand the case for further proceedings consonant with this opinion.

Ellis, Pollock, JJ., concurring.