No. 20,133.

Rev. William Shellberg et al., as Pastor and Board of Consultors of St. John's Parish of the Roman Catholic Church, *Appellees*, v. Margaret McMahon, *Appellant*.

### SYLLABUS BY THE COURT.

Contract—*For Benefit of Church and Parish School.* The pastor of a Catholic church and parish school made a written contract with the defendant by which the defendant agreed to pay the church and school a certain sum of money when they furnished her a clear title releasing her from all claims they might have to certain property by virtue of the last will and testament of her deceased husband. *Held:*

(1) Same—*Parties Who May Maintain Action on Contract.* Under section 27 of the civil code an action may be maintained on the contract for the benefit of the church and school by the person in whose name the contract was made.

(2) Same—*Bona Fide Dispute—Compromise and Settlement—Sufficient Consideration.* Since it appears that there was a *bona fide* dispute between the parties as to whether the school and church had acquired an interest in certain property by virtue of the will, a compromise or settlement having been entered into in good faith, there was sufficient consideration for the agreement to pay.

Shellberg v. McMahon.

(3) WRITTEN CONTRACT—*Ambiguities Explained by Parol Evidence*. The written contract being ambiguous and uncertain with respect to what the church and school were to do or leave undone in order to release the defendant of all claims under the will, it was proper to receive oral testimony in order to show an agreement made before the contract was reduced to writing to the effect that the defendant was to commence some kind of an action to have the will declared null and void, to which the church and school were to interpose no defense.

(4) SAME—*Contract Executed—Recovery Thereon*. Upon evidence showing that the defendant brought an action against the church and school and procured a decree quieting her title to the property described in the will, and that defendants in that suit interposed no defense, the plaintiffs in the present action are entitled to recover upon the agreement.

Appeal from Washington district court; JOHN C. HOGIN, judge. Opinion filed May 6, 1916. Affirmed.

*Charles W. Clarke,* and *Edgar Bennett,* both of Washington, for the appellant.

*W. W. Redmond,* of Marysville, and *A. J. Freeborn,* of Washington, for the appellees.

The opinion of the court was delivered by

PORTER, J.: The action in the district court was on a written contract stipulating for the payment by defendant of $1600, when the Catholic school of Hanover and the Roman Catholic church furnished her a clear title releasing her from all claims on account of certain provisions in the will of Joseph McMahon, her deceased husband. There was a verdict and judgment for plaintiffs, and defendant appeals.

By his last will and testament Joseph McMahon, after certain minor bequests, devised one-half of his estate, consisting of real and personal property in Washington county, to his wife, and the other half to the St. John's Catholic school at Hanover, Kan., and the Catholic church. Shortly after his death and the probate of his will, the question arose as to the validity of the provisions in behalf of the school and church, and on the 8th of October, 1909, the defendant and Rev. Wm. Shellberg, pastor of the St. John's church at Hanover, entered into the following agreement:

"Washington, Kansas, Oct. 8, 1909. This contract or agreement entered into between the Catholic School of Hanover and the Roman

Catholic Church of the first part, and Margaret McMahon, widow of Joseph McMahon, late of Washington county, in the state of Kansas, party of the second part: The party of the second part hereby agrees that when the Catholic School and Church aforesaid furnishes her a clear title, releasing her from any and all claims said School and Church have against her on account of the last will and testament of the said Joseph McMahon, then she is to pay to said officers of the said School and Church the sum of Sixteen Hundred Dollars and no/100. Said agreement hereby to be signed by both Margaret McMahon and Father Shellberg, Priest of the Hanover, Kansas, School, and in case that a clear title is not or can not be furnished by the Catholic School and Church aforesaid and all claims against said estate are legally released, then in that case this contract and agreement. is to be null and void, otherwise to be in full force and effect; Provided further that in this case it shall not be construed to require the School and Church to bring any legal proceeding to clear and set aside the claims herein mentioned or set forth in said will.

REV. WM. SHELLBERG,
*Pastor of St. John's Church, Hanover, Ks.*
*Party of the first part.*
MARGARET MCMAHON,
*Party of the second part."*

Nothing appears to have been done by either party under the contract until more than a year thereafter, when Margaret McMahon brought suit to quiet her title to all the property of which her husband had died seized, and she joined as defendants the St. John's school of Hanover, William Shellberg, rector of the school, and certain others who were described as "consultors" of said school, also the bishop of Concordia and the administrator of the estate of Joseph McMahon, deceased. William Shellberg appeared in person but not by attorney, filed no pleadings and made no other appearance. One of the consultors of the St. John's Catholic church at Hanover acknowledged service of the summons and entered his appearance in writing. No defense was made to the action by any one representing the church or school, and on the 23d of March, 1911, Margaret McMahon's title was quieted as prayed for in her petition.

On her failure to pay the $1600 this suit was brought. It is the contention of the defendant that the petition stated no cause of action, and this was raised by an objection to the introduction of testimony and by a demurrer to the evidence. It is insisted that, because the contract was not made by the church and school, nor signed by the proper officers of the

church and school, it is void; that the pastor of a church has no authority to make a contract attempting to dispose of the property rights of the church. And it is also insisted that, if the church acquired no interest in the property, then the contract shows on its face that it was without consideration. We think it is too late for the defendant to question the authority of William Shellberg, as pastor, to represent the school and church. It was understood by all the parties that the contract was made for the benefit of the church and school. It is provided by section 27 of the civil code that "a person with whom or in whose name a contract is made for the benefit of another . . . may bring an action without joining with him the person for whose benefit it is prosecuted." (See, *Brick Co. v. Gas Co.,* 82 Kan. 752, 109 Pac. 398.)

We also think there was sufficient consideration for the contract. We need not determine here whether certain provisions in the will of Joseph McMahon were void on the ground that they attempted to create a perpetuity. It is enough to say there was a question which called for a decision of a court construing the will before Margaret McMahon would have a clear title to the property. It can not be said that there was not a *bona fide* dispute between the parties as to whether the school and church had acquired some interest by virtue of the will. Probably the plaintiff in this action and those associated with him placed but little reliance on the provisions of the will for the benefit of the church and school, but there was a colorable claim of an interest under the will, and, while it may have been a very doubtful one, the promise on the part of plaintiffs to render Margaret McMahon whatever assistance was found necessary to enable her to secure a clear title furnished the consideration for her agreement to pay the $1600. Generally speaking, a compromise of a doubtful right furnishes a sufficient foundation for the agreement. (*Finley v. Funk,* 35 Kan. 668, 12 Pac. 15; *Lewis v. Telephone Co.,* 95 Kan. 136, 139, 147 Pac. 1122.)

"The usual test, however, as to whether a compromise and settlement is supported by a sufficient consideration is held to be not whether the matter in dispute was really doubtful, but whether or not the parties *bona fide* considered it so, and that the compromise of a disputed claim made *bona fide* is upon a sufficient consideration, without regard to

whether the claim be in suit or not. The law favors the avoidance or settlement of litigation, and compromises in good faith for such purposes will be sustained as based upon a sufficient consideration, without regard to the merits of the controversy or the character or validity of the claims of the parties, and even though a subsequent judicial decision may show the rights of the parties to have been different from what they at the time supposed. The real consideration which each party receives under such a compromise is, according to some authorities, not the sacrifice of the right, but the settlement of the dispute." (8 Cyc. 509.)

(See, also, *A. T. & S. F. Rld. Co. v. Starkweather*, 21 Kan. 322; *Brooks v. Hall*, 36 Kan. 697, 14 Pac. 236.)

The contract here seems to have been fairly made; both parties understood the foundation of the claims of the church and school to an interest in the property. There was neither fraud nor misunderstanding; the parties met on open terms. There was nothing in the contract which made it void as against public policy, and we know of no reason why it should not be enforced against defendant if complied with by the plaintiffs.

We think the trial court rightly ruled that the contract was so ambiguous and uncertain in its terms in respect of what the plaintiffs were to do or leave undone that it was proper to receive oral testimony to explain the ambiguities. The action of the court in this respect is one of the principal claims of error. The plaintiffs agreed that they would clear the title of defendant, but the contract expressly stipulated that they would not be required to bring legal proceedings to set aside any claims mentioned in the will. At least the defendant agreed that she would not compel them to clear the title by an action in the courts. Was it intended that plaintiffs should procure from the Roman Catholic church or the trustees or proper authorities of the Catholic school at Hanover the execution of releases or conveyances of some kind to Margaret McMahon? Or was it intended that in case Margaret McMahon brought suit to quiet title the other parties to the contract would agree not to set up any defense to the action? The trial court permitted the plaintiffs to introduce the testimony of several persons who were present at the office of the attorney who drew the contract. These witnesses testified in substance that the attorney stated in the presence of Mrs. McMahon that he was inclined to think it would be necessary for her to bring an action of

some kind, but he was uncertain about it, and that he had advised with some lawyers for a loan company which was considering a loan on the real estate. These witnesses also testified that at the time the contract was drawn it was undecided what method should be followed to have the title cleared. They understood there was nothing for plaintiffs to do except help Mrs. McMahon get a clear title, and she was to start some kind of an action either to quiet title or to have the will declared null and void; and as soon as she had her title cleared, plaintiffs were to have their money.

There was evidence tending to show that the plaintiffs arranged matters so that no defense was interposed in the action. We are unable to discover any reason why the defendant should not be bound by her agreement, and therefore the judgment is affirmed.