No. 20,830.

STANLEY ODROWSKI, *Appellee*, V. SWIFT & COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. WORKMEN'S COMPENSATION ACT—*Personal Injuries—Cancellation of Written Release.* The cancellation of a written contract, purporting to release an employer from further liability on account of an injury to a workman, is not justified by showing that misrepresentations were made to him as to his physical condition, unless it is also shown that he signed the release by reason of being misled thereby. And where he testifies that he signed it without reading it, not knowing that it was a release, he shows affirmatively that he was not induced to give his employer a full discharge through reliance on the statements made as to his condition.

2. SAME. A written release of an employer from further liability on account of an injury to an injured workman can not be set aside on the mere ground that it was signed by the employee without reading it, where he was able to read it, and no obstacle to his doing so was presented, and no misrepresentation was made as to its contents.

3. SAME—*Setting Aside "Award"—Statute Inapplicable.* The provision of the workmen's compensation act authorizing an ."award" to be set aside, because of being grossly inadequate or grossly excessive, refers to the amount fixed by arbitration, and has no application to a contract releasing the employer from further liability.

4. SAME—*Substantial Payment—Consideration for Release.* The payment of a substantial sum is a sufficient consideration to support a contract releasing an employer from further liability on account of an injury to a workman, although the amount paid was just what the statute made due at that time.

5. SAME — *Weekly Allowance — Former Decision Distinguished.* In *Girten v. Zinc Co.*, 98 Kan. 405, 158 Pac. 33, it was not decided that the weekly allowance for partial disability under the compensation act may ever be less than twenty-five per cent of the workman's former average weekly earnings.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. McCAMISH, judge. Opinion filed November 11, 1916. Reversed.

*Russell Field,* of Kansas City, Mo., for the appellant.

*J. K. Cubbison, William G. Holt,* both of Kansas City, *L. F. Bird,* and *H. G. Pope,* both of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

MASON, J.: Stanley Odrowski was injured while in the employ of Swift & Company. He recovered a judgment under the workmen's compensation act, and the defendant appeals.

1. About four months after his injury the plaintiff had signed a writing (which was filed with the clerk of the district court) purporting to release the company from all liability, in consideration of $45 paid him at that time and of $103.50 which he had already received. He pleaded, and the jury in effect found, that he had been induced to execute this instrument by statements made to him, by a physician who represented the company, minimizing the extent of his injuries. A release procured by such means can, in some circumstances, be set aside. (*Ladd v. Railway Co.,* 97 Kan. 543, 155 Pac. 943; 2 Black on Rescission and Cancellation, § 390.) But to justify a finding that it was so procured, it is necessary that there should be evidence not only that false representations were made, but that they were relied upon. Here the plaintiff not only failed to testify that he was induced to sign a release in full by misstatements as to his condition, but he also showed affirmatively that this could not have been the case, by testifying that he signed it not knowing that it was a release, not having read it. The release must, therefore, be given effect as a bar to a recovery, unless some basis exists for setting it aside other than that relied upon by the jury.

2. There was neither pleading nor proof of any misrepresentation of the contents of the writing which the plaintiff signed, nor of any fraud practiced by which he was led to sign it without reading. The jury found that he was able to read and write and understand the English language. The modern tendency is to extend, rather than to restrict, the power of

courts to grant relief against contracts induced by unfair dealing. (1 Black on Rescission and Cancellation, preface, p. v. and § 59.) But the fact that a person does not read a writing which he signs is not a ground for avoiding its effect, where he is able to do so, where no obstacle is presented, and where no misrepresentation is made as to its contents. (2 Black on Rescission and Cancellation, § 384.)

3. The compensation act does not authorize the setting aside of such an instrument as that here involved upon any less showing than would be required in the case of any contract of a similar character. The statute provides that agreements for compensation, "other than a release," must be in the form prescribed (Laws 1911, ch. 218, § 23) ; that arbitration may be had under certain rules (§ 24) ; that "every agreement for compensation and every award shall be in writing, signed and acknowledged" (§ 27) ; that "every release of liability hereunder, every agreement for or award of compensation," must be filed (§ 28.) It then gives the district court jurisdiction to cancel "such agreement or award" on certain conditions. (§ 29.) These provisions seem to indicate a legislative purpose to reserve to the courts a control over "agreements for compensation," and "awards," but not over "releases." This view is strengthened by the provision of a subsequent section that "an action to set aside a release or other discharge of liability on the ground of fraud or mental incompetency may be joined with an action for compensation under this act." (¶ 36.) If, however, a release is deemed to be within the scope of the section granting to the court the power of cancellation, it must be because it is covered by the term "agreement"; it can not be regarded as an "award," since that word is·consistently used throughout the statute to designate the result of an arbitration as distinguished from an agreement. And while section 29 authorizes an *award* to be set aside because of being grossly inadequate or grossly excessive, it gives no such authority with respect to an agreement, which it permits to be canceled for no other cause (pertinent to the facts óf this case) than "fraud or undue influence."

4. The contention is made, however, that the release is not binding, because not supported by a sufficient consideration, for the reason that the amount paid to the plaintiff by the

defendant was exactly what was then due as fixed by the compensation act, under the facts as established by the findings of the jury. In order that the payment should, upon this theory, be regarded as insufficient to support a contract, it is not enough that the company should in fact have been under a legal obligation to make it; to have that effect the existence of the obligation must have been admitted. Otherwise the settlement of a controversy would itself have constituted a valid consideration. (*Shellberg v. McMahon*, 98 Kan. 46, 157 Pac. 268; 1 C. J. 551, 554; 1 Enc. L. & P. 626, 636; 1 R. C. L. 194, 198.) Here it is not affirmatively shown that the defendant admitted its liability for the amount paid. But in any event the rule has been established in this jurisdiction that where there is a disagreement as to the amount of an indebtedness the payment by the debtor of a less amount than that claimed affords a sufficient consideration for a release of the entire demand, although he admits his absolute and immediate liability for the amount he pays. (*Neely v. Thompson*, 68 Kan. 193, 75 Pac. 117.) And this view is in accordance with the later tendency of the courts, although there is still a division of judicial opinion on the subject. (1 R. C. L. 196.) The release executed by the plaintiff can, therefore, not be set aside as unsupported by a valid consideration.

5. These considerations require a judgment for the defendant. It is, therefore, unnecessary to discuss or determine any of the other questions which have been argued, except for the purpose of preventing an earlier decision being given an effect not intended. In the present case the trial court allowed a recovery for partial incapacity on the basis of twenty-five per cent of the plaintiff's prior average weekly earnings, although this amounted to more than half the diminution in his earning capacity, as found by the jury. The defendant maintains that this is contrary to what was decided in the case referred to (*Girten v. Zinc Co.*, 98 Kan. 405, 158 Pac. 33). There the judgment included an allowance for partial incapacity for 350 weeks, amounting to $1503.64. This was attacked by the defendant as too large. The plaintiff responded to the contention by saying that, under the evidence, the court would have been justified in allowing compensation for partial disability for 410 weeks, and that, therefore, the defendant was in no posi-

tion to complain. This court held that the period fixed by the jury was controlling, and allowed a recovery for 350 weeks at $3.41 a week, that being half of the amount by which his earn-- ing capacity had been found to be diminished, without observing that this rate was less than the statutory minimum of twenty-five per cent of his former average weekly earnings, without the meaning of that part of the statute having been challenged, and without any intention of passing upon its effect. The language of the opinion seems sufficiently to indicate this, but to guard against any misapprehension, it is now distinctly declared that in that case it was not decided that the weekly allowance for partial incapacity may ever be less than twenty-five per cent of the former average earnings.

The judgment is reversed and the cause remanded with directions to render judgment for the defendant.