Seckman v. Cement Co.

No. 20,577.

A. A. SECKMAN, *Appellee*, v. THE MONARCH CEMENT COMPANY, *Appellant.*

### SYLLABUS BY THE COURT.

1. WORKMEN'S COMPENSATION ACT — *Injuries* — *Partial Incapacity to Work.* The evidence in an action under the workmen's compensation act held to warrant a finding that permanent partial incapacity resulted from the loss of the ends of the second and third fingers of the left hand of a workman who had already lost a part of the thumb and first finger of the same hand.

2. SAME—*Partial Incapacity—"$3 a Week"—Statute Construed.* The provision of the statute that in case of partial incapacity periodical payments shall not be less than $3 a week relates to the amount of recovery, and not merely to the manner of its payment; it means that the workman shall be entitled to receive at least that amount for every week that the incapacity continues until the statutory limit of eight years is reached.

Appeal from Allen district court; OSCAR FOUST, judge. Opinion filed May 12, 1917. Affirmed.

*R. E. Cullison, Frank R. Forrest,* and *B. E. Clifford,* all of Iola, for the appellant.

*R. B. Smith, C. M. Brobst,* both of Chanute, and *John W. Brown,* of Iola, for the appellee.

The opinion of the court was delivered by

MASON, J.: A. A. Seckman, while in the employ of the Monarch Cement Company, sustained an injury from machinery requiring the amputation of two fingers of his left hand—the second finger at the first joint, and the third a little higher up. Under the workmen's compensation law he was allowed and paid $136.80 on account of total disability for substantially eighteen weeks, and recovered a lump sum judgment for $1195.80, being an allowance at $3 a week for the remainder of the eight-year period. The defendant appeals.

1. The defendant maintains that the evidence did not warrant a finding that the injury referred to resulted in any permanent impairment of his earning capacity. He had already

lost a part of the thumb and first finger of the same hand. Some testimony was given to the effect that in course of time the plaintiff could grasp and hold objects with his left hand as well as before his injury—with as strong a grip; that there would be some loss of convenience but none of power. But there was also testimony that the extension of his grip was lessened; that while he would have practically the same intensity of power he could not apply it; that in swinging on a rope, for instance, his hand would slip more easily; that he could not make a full hand in many lines of work; that he could not handle small objects nor grasp large ones securely—could not use a sledge with accuracy. It is not unreasonable to suppose that the loss of the ends of two of his fingers caused some substantial lessening of his effectiveness as a workman and of his usefulness to an employer. The evidence left the extent of impairment in some doubt, and the decision of the trial court must be regarded as final.

2. There was evidence that after the accident the plaintiff lost the sight of an eye, and that he had refused employment offered him. Complaint is made of the refusal of the court to make findings based thereon. If it had been necessary to estimate the degree of disability that resulted from the loss of the ends of the two fingers these matters might have been important. But they are rendered immaterial by the fact that the plaintiff was allowed (after his total disability ceased) only $3 a week. The statute reads:

"The amount of compensation under this act shall be: . . . (b) Where total incapacity for work results from injury, periodical payments during such incapacity, commencing at the end of the second week, equal to fifty per cent of his average weekly earnings computed as provided in section 12, but in no case less than six dollars per week, or more than fifteen dollars per week. (c) When partial incapacity for work results from injury, periodical payments during such incapacity, commencing at the end of the second week, shall not be less than twenty-five per cent, nor exceed fifty per cent, based upon the average weekly earnings computed as provided in section 12, but in no case less than three dollars per week, or more than twelve dollars per week. . . . No such payment for total or partial disability shall extend over a period exceeding eight years.

". . . In the case of partial incapacity the payment shall be computed to equal, as closely as possible, fifty per cent of the difference between the amount of the 'average earnings' of the workman before the accident, to be computed as herein provided, and the average amount

which he is most probably able to earn in some suitable employment or business after the accident, subject however, to the limitations hereinbefore provided." (Gen. Stat. 1915, §§ 5905, 5906.)

This has been interpreted to mean that if a workman suffers a permanent injury which substantially reduces his earning capacity, he is entitled to receive at least $3 a week until the end of the eight-year period, regardless of what he could earn or what he did earn during that time. (*Cain v. Zinc Co.,* 94 Kan. 679, 146 Pac. 1165; *Odrowski v. Swift & Co.,* 99 Kan. 163, 162 Pac. 268; *Dennis v. Cafferty,* 99 Kan. 810, 163 Pac. 461.)

The defendant, however, insists that it means, not that the injured workman shall be compensated at the rate of at least $3 a week for that period, but that after the total amount of his compensation has been fixed according to the extent to which his earning capacity has been diminished it shall be paid to him in weekly installments of between $3 and $6— that the $3 a week minimum has no connection with the amount he is ultimately to receive, but relates only to the manner of its payment. We adhere to the construction previously adopted. The maximum and minimum weekly allowances are inserted in the section which relates to the amount of compensation. In the sentence regarding total incapacity they obviously form a part of the standard by which the amount of recovery is determined, for that matter is not elsewhere treated. In the sentence regarding partial incapacity they are used in precisely the same connection, and should be given the same force, although in the next section a rule is stated for computing compensation in case of partial incapacity which, except for the limitations referred to, would be complete in itself.

It is true that cases may be imagined in which $3 a week will more than compensate the actual loss of a workman who has suffered some permanent diminution of his earning power. The likelihood of the frequent occurrence of such cases would constitute a reason for a change of the law by the legislature, but not for a refusal by the courts to give effect to its obvious meaning. The statute here construed has already been amended. The present law allows (in addition to compensation for the period of total disability) for the loss of the first phal-

ange of the second finger, twenty-five per cent of the average weekly wages during thirty weeks, and for the loss of the first phalange of the third finger, twenty-five per cent of such wages for twenty weeks. Here the plaintiff was earning $10.50 a week, and his allowance for partial incapacity would, therefore, upon that basis amount to $131.25. (Laws 1917, ch. 226, § 3.)

The judgment is affirmed.