No. 21,050.

JAMES T. NOLAN, *Appellant*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ELLIS, *Appellee*.

### SYLLABUS BY THE COURT.

1. ACCOUNT STATED—*Pleadings—Itemizing Account*. Rulings requiring a plaintiff, who sued upon an account stated, to set out the items of his claim, held not to have been prejudicial.

2. SAME—*Compromise and Settlement—Limitation of Actions*. Where the statute of limitations has run against a claim the payment of a part of it by way of compromise and settlement, in consideration of a release in full, does not remove the bar of the statute as to the remainder.

3. SAME. A question whether the statute of limitations had run in favor of the county with respect to official fees retained by it, held not necessary to be determined.

4. SAME—*Compromise and Settlement—Limitation of Actions*. The acceptance of a part of a claim against a county, which the commissioners in good faith contended to have been barred by the statute of limitations, in consideration of a release in full, held to prevent a recovery of the remainder, irrespective of the legal soundness of their contention.

Appeal from Ellis district court; JACOB C. RUPPENTHAL, judge. Opinion filed October 6, 1917. Affirmed.

*James T. Nolan*, of Ellis, appellant, *pro se*.
*E. C. Flood*, of Hays, for the appellee.

The opinion of the court was delivered by

MASON, J.: On October 5, 1915, James T. Nolan brought an action against Ellis county to recover money claimed to be due him by reason of transactions which took place while

he was county attorney, in 1899 and 1900. The county, in addition to a general denial, pleaded the statute of limitations and accord and satisfaction by a compromise and settlement made in April, 1913. Trial was had without a jury. Judgment was rendered for the defendant, and the plaintiff appeals. No formal special findings were made, but in rendering the decision the court stated that the settlement made in 1913 was a bar to any legal claim on the part of the plaintiff. This did not indicate a finding for the plaintiff upon any disputes of fact or inference, and they must be regarded as having been resolved in favor of the defendant so far as necessary to uphold the judgment.

During the plaintiff's term as county attorney he had a disagreement with the county commissioners as to whether he was entitled to retain the fees of the prosecuting officer taxed as costs in prosecutions under the prohibitory liquor law. He brought an action to test the question, and the district court decided that these fees were required to be turned over to the county treasurer. On an appeal this decision was reversed. (*Nolan v. Ellis County,* 65 Kan. 57, 68 Pac. 1068.) Pending this litigation, in April, 1901, the county paid the plaintiff $420 in full settlement of all claims except fees in liquor cases then in the hands of the clerk of the district court. The plaintiff asserts that it was at that time agreed that the amount of such fees was $630, and that the county was to pay him this sum if the supreme court should decide the legal question referred to in his favor. The present action is to recover this sum, with interest, less credits for $50 paid in 1903, and $158.47 paid in 1913.

1. The plaintiff brought his action as upon an account stated, and complains of rulings of the trial court requiring him to set out and prove the items of the account. It was not conceded that there had been an agreement as to the amount of the fees in question, and it may be doubted whether the county board could make a binding agreement in this respect otherwise than in accordance with the actual facts, so that the requirement for details seems to have been justified; but in any event it could not have been prejudicial unless error is shown in the rejection of the plaintiff's claim in its entirety.

2. To the defense of the statute of limitations the plaintiff

responds that the payment of $158.47 in 1913 revived the claim if the statute had then run. A payment of a part of a claim made and accepted as a satisfaction in full would not lift the bar of the statute as to the remainder. (25 Cyc. 1373.)

3. The plaintiff also asserts that the money paid as fees of the county attorney in liquor cases belonged to him all the time, that the county held it as trustee, that the trust was not repudiated until 1913, and therefore that the statute of limitations did not begin to run until then. The soundness of this contention need not be determined, in view of the conclusion reached regarding the effect of the negotiation had at that time.

4. There was evidence to this effect: In 1913 the plaintiff appeared before the board of county commissioners and asked the payment of his claim, which he then placed at $316.94; the commissioners were of the opinion that the entire demand was outlawed, but after some negotiation agreed with him to pay $158.47, which was to be accepted in satisfaction of all demands on his part against the county; this arrangement was carried out, the plaintiff accepting the money and executing a release in full. The plaintiff contends that the settlement should have been held not to bind him for the following reasons: (1) It was made under a mutual mistake of fact concerning the amount of the fees involved; (2) it was made under a mistake in this respect on his part brought about by the suppression of information on the subject by the commissioners—the concealment of reports and documents relating to the matter; and (3) the agreement to release the county from further liability was without valid consideration because he was entitled to the sum paid him as a matter of absolute right. The first two contentions fail because, assuming that the evidence had a tendency to show either a mistake of fact by both parties or a mistake on the part of one of them induced by the conduct of the other, it did not conclusively prove either condition; the court must be presumed to have found against the plaintiff in this regard, and this decision of fact is not open to review. If it is regarded as established that some of the documents relating to the plaintiff's fees were missing at the time of the settlement and were later discovered this would not justify a reversal of the find-

ing of the trial court on the question of mistake. The third contention also fails because in order for the payment of a part of a claim to be regarded as insufficient to support a contract discharging the debtor from liability for the remainder, it is not enough that the amount paid should have been legally due; to have that effect the existence of the obligation must have been admitted, or not challenged in good faith. (*Odrowski v. Swift & Co.*, 99 Kan. 163, 166, 162 Pac. 268.) Here the commissioners disputed the entire claim, asserting that it was outlawed. Whether they were right or wrong in this as a matter of law, their view was entirely plausible in view of the matter having been allowed to slumber for so long a time, and there is no basis for impeaching their good faith in the matter; at least none that is available on review.

The judgment is affirmed.