No. 21,396.

FRANK THOMPSON, *Appellant,* v. THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

ACTION ON TORT—*Action on Contract—Not Same Causes of Action— Statute of Limitations.* An action for compensation for property of the plaintiff destroyed through the negligence of the defendant is not brought upon the same cause of action as one to recover an amount agreed to be paid in compromise of a claim of that character, and the pendency of an action founded on such an agreement does not suspend the running of the statute of limitations against an action on the tort.

Appeal from Miami district court; JABEZ O. RANKIN, judge. Opinion filed March 9, 1918. Affirmed.

*Alpheus Lane,* and *M. A. Lane,* both of Paola, for the appellant.

*W. W. Brown, James W. Reid,* both of Parsons,. and *R. E. Coughlin,* of Paola, for the appellee.

The opinion of the court was delivered by

MASON, J.:   Frank Thompson brought an action against The Missouri, Kansas & Texas Railway Company to recover $1,575 damages by reason of a fire negligently set out by the defendant in the operation of its road.   The petition was filed more than two years after the injury complained of, and a demurrer to it was sustained on the ground that the statute of limitations had run.   The plaintiff appeals.   To avoid the bar of the statute he relies upon the provision of the code allowing an additional year in which to begin a new action, where in one brought in due time the plaintiff has failed otherwise than upon the merits.   (Gen. Stat. 1915, § 6912.)   He pleaded the bringing of a prior action, and the only question involved is whether it was of such a character as to extend the time within which to.bring the present proceeding.   To have that effect it must have been brought upon the same cause of action.   (25 Cyc. 1315; 19 A. & E. Encycl. of L., 2d ed., 265.)   The present

case, as already indicated, is brought to recover compensation for the loss of property destroyed through the negligence of the defendant. The petition in the earlier case alleged that the plaintiff's property was destroyed by a fire negligently set by the defendant, to his damage in the sum of $2,000, but these allegations were preliminary to the further statement that the plaintiff's claim arising therefrom was compromised, the defendant agreeing to pay, and the plaintiff to accept, $1,393.50 in full settlement thereof; a payment of half this amount was alleged, and the action was brought to recover the remainder. We agree with the trial court in its conclusion that the two cases were not brought upon the same cause of action. The earlier one was founded upon a contract, the later upon tort. In the first action the plaintiff, in order to recover, was not obliged to prove the negligent conduct of the defendant, or the value of the property destroyed, and the complete disproof of his allegations in regard to these matters would have availed the defendant nothing. The existence of a controversy, irrespective of the merits, so that there was no bad faith, was a sufficient basis for the agreement to pay. (*Shellberg v. McMahon,* 98 Kan. 46, 157 Pac. 407.) If the plaintiff had recovered a judgment it would not have been because of the defendant's negligence, but because of its promise. True, facts were set out in the petition which might perhaps have been sufficient, by a very liberal construction, to constitute a cause of action in tort, if they had been relied upon for that purpose; but the other allegations, coupled with the prayer, showed affirmatively that the plaintiff was not relying upon these facts as his ground of recovery—he was not suing upon them; their statement was incidental to his statement of a cause of action upon the contract. The language of an early case is pertinent to the situation:

"But could a party thus keep alive one cause of action by instituting a different one, and when witnesses are gone, and facts forgotten, dismiss one and then bring another? Such at least is not the policy of the law." (*Hiatt v. Auld,* 11 Kan. 176, 183.)

The judgment is affirmed.