No. 36,589

JOHN L. LISTON, *Appellant*, v. MEIRL E. RICE and FRANK A. RICE, Partners doing business as RICE MOTOR COMPANY, *Appellees*.

(179 P. 2d 179)

Opinion filed April 5, 1947.

*W. H. Coutts, Jr.,* of El Dorado, was on the briefs for the appellant.

*L. J. Bond,* of El Dorado, was on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, J.: Plaintiff purchased a used automobile from defendants. Subsequently he brought action to recover damages for fraud and misrepresentation in its sale. The trial court sustained a demurrer to the evidence, hence this appeal.

It will serve no useful purpose to relate allegations of the petition or detail the evidence at length. The petition alleged the automobile was guaranteed and warranted by the defendants in numerous respects and charged false and fraudulent representations as to each and all of them.

The trial court's judgment in line with the demurrer theretofore made to plaintiff's evidence, was based upon two grounds, one that the evidence affirmatively showed the controversy was "summated" and payment had been made to plaintiff; the other, that it affirmatively disclosed he did not rely upon defendants' representations in purchasing the automobile, but upon his own investigation and inspection of that vehicle.

Appellees, for purposes of appeal, quite properly admit appellant's testimony sustains the fraudulent representations alleged in the petition to have been made by them or their agent. Their claim is not that he failed to establish representations sufficient to support a cause of action for fraud and deceit but that, even so, he had no right of action against them under the facts and circumstances disclosed by the record.

Appellant's specification of errors reads:

"1. The court erred in sustaining the demurrer to the plaintiff's evidence.

"2. The court erred in overruling the plaintiff's motion for a new trial.

"3. The court erred in refusing to allow the admission of certain pertinent evidence on behalf of the plaintiff and his witnesses.

"4. The court erred in refusing to allow the introduction by the plaintiff of an exhibit containing a memoranda of the oral contract made with the defendants.

"5. The court erred in usurping the prerogatives of the jury by testifying as to a conclusion with reference to the agency of the witness, Harry E. Austin.

"6. Erroneous rulings of the court on hypothetical questions propounded by the plaintiff."

Before proceeding further we deem it necessary to call attention to the fact errors numbered 3, 4, 5 and 6, assigned in the specification just quoted, are not mentioned or discussed in appellant's brief and that under such circumstances they must be regarded as abandoned and cannot be considered on appeal (*Sams v. Commercial Standard Ins. Co.*, 157 Kan. 278, 139 P. 2d 859, and *Henderson v. Deckert,* 160 Kan. 386, 162 P. 2d 88). Likewise to point out that assignment No. 2 is not reviewable because neither the motion for new trial nor its grounds are set forth in the record (See *Hamilton v. Binger,* 162 Kan. 415, 176 P. 2d 553).

We turn now to the only issue presented for review. Reasons assigned by the trial court for its decision on the demurrer will be considered in the order heretofore mentioned.

Whether it can be held as a matter of law appellant's claim had been summated and payment made requires critical review of the pertinent evidence relating to that subject.

Appellant, who was somewhat of a mechanic in his own right and had testified that he knew engines and cars, purchased the automobile on May 26, 1944, from a Mr. Parry, who so far as the record shows had full and complete authority to transact the appellees' business. He had trouble with it the day he drove it home. On May 30th following he took it back to appellees' place of business,

told them it was no good and stated that he was there to rescind the contract. After a prolonged conversation with respect to what he claimed was the matter with it he was advised to come back after having driven it another week. A week later he returned. On that occasion, after more discussion as to the condition of the automobile, one of the partners told him there was nothing wrong with it and refused to take it back. Sometime during the middle of June he took it to the McClure Motor Company at El Dorado and had it repaired. At this point it is worthy of note that a Mr. Austin, who was sales manager for that concern and testified as a witness for appellant, stated that after they had repaired it he would say the car was in A-1 condition. Either on June 21 or 22 appellant took the automobile from the McClure Motor Company garage and paid the repair bill. He then went back to appellees' place of business. What happened there and then will be quoted from appellant's own testimony as it appears in the record:

*"Direct Examination*

"Q. What was said by you or Mr. Parry at that time? A. I presented the bill to Mr. Parry and Mr. Parry says, 'We're not paying that bill,'. I says, 'Very well and good.' He stood there for an instant and he says, 'Well, we'll pay the half of it.' And I says, 'No, Mr. Parry, I would not take one penny off of that bill—not one penny.' Then Mr. Parry called up Mr. Austin down there and questioned him as to why it was so much. Am I right on it?

"Q. If you heard the conversation. A. He questioned him on the price of the bill, and the stuff that was put in it. I couldn't hardly hear his conversation.

"Q. All right, what further, if anything, was said there between the two of you? A. Mr. Parry gave me a check on it, and I thanked him for it and went out."

*"Cross-Examination*

"I talked to Mr. Parry about payment of the McClure bill for repairs on the car. He said he would not pay more than one-half of it and I told him I would not take one penny off it and he then paid me."

It is true, as is strenuously urged by appellant, that in our consideration of a demurrer to the evidence we must accept all evidence as true, give it the benefit of all reasonable presumptions and resolve all inferences in favor of the one adducing it. Even so, we are compelled to conclude that under all the circumstances disclosed by plaintiff's own testimony and evidence he accepted appellees' check, which he concedes was paid, in full settlement of his claim. He knew the condition of the automobile and how it had been re-

paired. He stood by and heard appellee's conversation with the concern repairing it as to why the bill was so large. Appellees were fully aware that he knew the automobile's condition for theretofore he had told them what was wrong with it. In the face of all that when appellees told him they would pay one-half of the bill he said, "No, Mr. Parry, I would not take one penny off that bill— not one penny." Then, when they agreed to pay the entire amount he took their check without even so much as indicating that his acceptance of it was anything less than a settlement of his claim. In that situation there is room for but one conclusion, that is, when the check was paid his claim against appellees was satisfied.

*Beck v. Batt*, 161 Kan. 107, 166 P. 2d 690, supports our decision. There we held:

"In an action to recover money, the record is examined and it is held that plaintiff's evidence established that checks delivered by defendants to the agent of the plaintiff were offered in full satisfaction of plaintiff's claim and accepted by the agent under circumstances that constitute full payment of the claim." (Syl. ¶ 1.)

See, also, *Hoop v. Kansas Flour Mills Co.*, 124 Kan. 769, 262 Pac. 544, holding:

"Where a creditor and debtor have a dispute as to the amount of a debt, and the debtor remits checks for the amount of what he contends the debt to be, intending such remittance to be in full payment thereof, and the creditor accepts and knowingly retains the amount thus remitted, the legal consequence is that of an accord and satisfaction, notwithstanding the creditor immediately wrote to the debtor stating that he had deposited the checks, indorsed under protest, and that he expected the debtor to pay him the balance claimed by him to be still due from defendant." (Syl.)

And *Lighthouse for the Blind v. Miller*, 149 Kan. 165, 86 P. 2d 508, which holds:

"An accord is a contract between creditor and debtor for the settlement of the claim by some performance other than that which is due. Satisfaction takes place when the accord is performed." (Syl. ¶ 1.)

The conclusion just announced bars appellant's recovery and means that the ruling of the trial court on the demurrer was correct. It does away with any necessity for consideration of the other reason given by that tribunal for its decision. However, we have examined the record on the point. In the light of all the evidence, particularly in view of the fact it shows appellant was granted only a limited opportunity to make inspection of the automobile, we seriously doubt if it can be said as a matter of law that in pur-

chasing such vehicle he relied not upon appellees' representations but upon his own investigation and inspection.

The judgment is affirmed.