No. 37,089

M. C. Klager, Hazel Klover, J. W. Dawson et al., *Appellants*, v. Murphy Alfalfa, Inc., *Appellee.*

(193 P. 2d 216)

Opinion filed May 8, 1948.

*Bruce C. Heath,* of Abilene, argued the cause, and was on the brief for the appellants.

*Matt Guilfoyle,* of Abilene, argued the cause, and *John H. Lehman* and *D. V. Romine,* both of Abilene, were with him on the brief for the appellee.

The opinion of the court was delivered by

Hoch, J.: The appellants, resident taxpayers in the city of Abilene, sought to enjoin the operation of an alfalfa dehydrating mill within the city. The defendant prevailed and the plaintiffs appeal.

In view of the disposition that must be made of the appeal, a brief narrative will suffice. The appellants sought either a mandatory injunction to require the defendant to adopt measures that would abate the alleged nuisance, or if that could not be done that

the operation of the mill be permanently enjoined. The mill is located, with approval of the city planning commission and the city commission, and under permit duly granted, on a site adjoining the Union Pacific and the Santa Fe railroad tracks, in the southwestern part of the city, and in an area which had for many years been zoned for business and industrial uses. Complaint was made in the petition as to noise, odors, and dust, resulting from operation of the mill. By the petition, answer, and reply were put in issue whether the mill, as located and operated, constituted a nuisance and whether the mill was being operated with proper equipment, and in a manner showing effort to reduce as much as possible the alleged disagreeable and objectionable features incident to operation. After hearing much evidence on both sides on these questions of fact, the trial court denied a temporary injunction and entered judgment "in favor of the defendant," on July 9, 1947. Appellants' principal contention here is that in denying the temporary injunction the trial court misconceived the law as to the right to operate such a mill in an area zoned for industrial uses, basing that contention upon certain remarks made by the trial court at the time judgment was entered. It may be noted in passing that the trial court not only denied the injunction but, after hearing conflicting evidence on the issues of fact, entered judgment for the defendant. However, we do not here reach the case for decision upon the merits.

Neither appellants' abstract nor the counter abstract contain the notice of appeal. But copy of such notice, forwarded by the clerk of the district court together with the journal entry of judgment, discloses that the appeal is solely from an order overruling plaintiffs' motion for a new trial, entered according to the recital in the notice on September 8, 1947. There was no appeal from the judgment. It follows that review could only be had of the order overruling the motion.

We do not doubt the accuracy of the recital in the appeal notice, filed by the capable and reputable attorney for appellants, that there was a ruling upon such a motion. But we are limited to the record before us which is wholly silent on the subject.

Review of trial errors cannot be had unless they have been called to the attention of the trial court upon motion for a new trial. (*Brown v. Brown,* 146 Kan. 7, 10, 68 P. 2d 1105, and cases there cited; *Hamilton v. Binger,* 162 Kan. 415, 176 P. 2d 553, and cases, p. 419; *Liston v. Rice,* 162 Kan. 644, 645, 179 P. 2d 179.) Having

no knowledge as to what questions were raised by the motion or presented to the trial court, we have nothing to review.

Under the situation stated, the only course open is to dismiss the appeal. It is so ordered.