No. 38,236

STATE OF KANSAS, *Appellee*, v. CHARLES A. GRAHAM, also known as C. A. GRAHAM, *Appellant*.

(242 P. 2d 1067)

Opinion filed April 12, 1952.

*John H. Murray,* of Leavenworth, was on the briefs for the appellant.

*Ernest M. Vieux,* county attorney, and *Harold R. Fatzer,* attorney general, and *Paul E. Wilson,* assistant attorney general, were on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: The defendant, Charles A. Graham, and one Perry Haynes were charged jointly in an information with burglary in the second degree (G. S. 1949, 21-520) and larceny while engaged in commission of the burglary (G. S. 1949, 21-524). Separate trials were ordered and a jury returned a verdict finding defendant guilty of both offenses. Following the overruling of a motion for new trial the trial court made a specific finding the record disclosed two prior convictions of felony and then sentenced defendant, on the verdict of the jury and under the provisions of G. S. 1949, 21-107a, to confinement in the Kansas State Penitentiary for a period of not less than fifteen years. The appeal is from that judgment and sentence and from the order overruling the motion for a new trial.

In view of the issues subject to appellate review little need be said respecting the factual situation on which appellant's conviction depends. It suffices to say, without attempting to relate all the facts which we readily conclude were sufficient to permit the ques-

tion of appellant's guilt or innocence to go to the jury, the record discloses that sometime between closing time on the evening of September 7, 1949, and commencement of business on the next day a building owned by the T. M. Deal Lumber Company was burglarized at Fowler, Kan., and merchandise stolen therefrom, that on the evening of such day appellant, who lived at Reydon, Okla., was seen in the vicinity of Fowler and was making inquiry as to the whereabouts of Perry Haynes, that thereafter some of the missing merchandise was found in a truck Haynes had been driving, and that still later other items of such merchandise were found in appellant's home at Reydon after a search of such home by law enforcement officers who had gone there after obtaining possession of a note written by Haynes and addressed to appellant's brother at Leedey, Okla., wherein, among other things, the latter was advised to get everything cleaned up quick and to "get this word to Slim at once." It should perhaps be added that several witnesses testified appellant had two nicknames and that some people called him "Red" while others referred to him as "Slim."

Two contentions advanced by appellant relate to alleged erroneous admission of evidence. One is that the court erred in admitting hearsay testimony regarding the Perry Haynes note, the other that it erred in admitting the note itself in evidence. We doubt there is any merit to these contentions. Nevertheless we are not called upon to decide them. So far as the record shows all this evidence was admitted without objection. In fact counsel for appellant, who, we pause to note, did not participate in the trial, does not even assert that objection thereto was made in the court below. Under such conditions and circumstances claims to the effect the trial court erred in the admission of evidence are not subject to appellate review. See, e. g., *State v. Edwards,* 151 Kan. 365, 99 P. 2d 836; *State v. Thomas,* 157 Kan. 526, 142 P. 2d 692.

Appellant also contends the trial court erred in admitting property taken from Perry Haynes as evidence. The factual premise on which this claim is based is fallacious. Our examination of the record discloses the court permitted the state to introduce the merchandise recovered from the home of the appellant but refused to admit the property taken from Perry Haynes. It follows this contention is entitled to no further consideration.

The record shows that before the jury returned its verdict it came into the courtroom and inquired of the court whether ap-

pellant would be guilty of burglary if he was in Oklahoma at the time of the robbery and was an accomplice of the other members of the gang; that after being asked this question the court consulted with the attorneys for both the appellant and the state and then advised the jury that the state and the defense had agreed the question asked had nothing to do with the definite issues of the case and should not be answered; that after making such statement the court inquired of counsel if the answer it had given the jury was what they had agreed upon; that in response to such inquiry counsel for both the state and appellant, in the presence of the jury, answered in the affirmative; that thereupon the jury returned to the jury room for further deliberation and eventually returned the verdict heretofore mentioned.

Notwithstanding the foregoing appellant seeks to renege on his agreement and now contends the trial court erred in failing to give additional instruction respecting the question asked by the jury. There are two short answers to this contention. In the first place this court is not disposed to permit this appellant, or for that matter any other litigant, to predicate error on action to which he has solemnly agreed in the court below. In the next it has long been committed to the rule a party is in no position to complain of the failure to give an unrequested instruction (*State v. Turner,* 114 Kan. 721, 723, 220 Pac. 254; *State v. Linville,* 150 Kan. 617, 621, 95 P. 2d 332; *State v. Gatewood,* 169 Kan. 679, 685, 221 P. 2d 392).

It is next argued the trial court erred in overruling appellant's motion for new trial. Under our decisions, even where a motion for a new trial is filed and presented in the court below, an appeal from an order overruling it presents nothing for review where—as here—the record fails to set forth the motion or the grounds on which it is based and in no way discloses what alleged trial errors were brought to the attention of the trial court when it was heard (*State v. Shehi,* 125 Kan. 110, 263 Pac. 787; *State v. Herschberger,* 160 Kan. 514, 518, 163 P. 2d 407; *State v. Owen,* 161 Kan. 361, 168 P. 2d 917; *Hamilton v. Binger,* 162 Kan. 415, 176 P. 2d 553; *Liston v. Rice,* 162 Kan. 644, 179 P. 2d 179; *Klager v. Murphy Alfalfa, Inc.,* 165 Kan. 130, 193 P. 2d 216; *In re Estate of Michaux,* 171 Kan. 417, 420, 233 P. 2d 510).

Finally it is argued appellant's sentence, in conformity with the provisions of G. S. 1949, 21-107a, is invalid because the trial court

did not have before it evidence sufficient to warrant its finding that appellant had twice before been convicted of a felony punishable by confinement in the penitentiary. Specifically this objection is based upon the premise that at the time of sentencing appellant the trial court did not have before it documentary evidence establishing such convictions. Under existing conditions and circumstances such evidence was neither necessary or required. Appellant, himself, had admitted them and no claim is made that his testimony in that respect was not true.

The record fails to establish error in the court below. Therefore the judgment must be and it is hereby affirmed.