NOT DESIGNATED FOR PUBLICATION

No. 119,659

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

GARY OGLESBEE,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee*.

MEMORANDUM OPINION

Appeal from Douglas District Court; AMY J. HANLEY, judge. Opinion filed July 17, 2020. Affirmed.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellant.

*Joanna Labastida*, of Legal Services Bureau, Kansas Department of Revenue, for appellee.

Before ARNOLD-BURGER, C.J., WARNER, J., and LAHEY, S.J.

PER CURIAM: When a person is arrested for driving under the influence of alcohol and the officer intends to offer the arrestee the opportunity to complete a breath, blood, or urine test to determine his or her level of intoxication, the arresting office is required to advise the arrestee of certain rights and responsibilities set out in to K.S.A. 8-1001. This notice is referred to as the Implied Consent Advisory. An officer is required, as a perquisite to giving such a test, to substantially comply with the statutory notice provisions related to the advisory. *Barnhart v. Kansas Dept. of Revenue*, 243 Kan. 209, 213, 755 P.2d 1337 (1988). Failure to do so will result in the results of the test being disregarded in the defendant's driver's license suspension hearing.

1

Gary Oglesbee was arrested for driving under the influence of alcohol. Before asking him to submit to a breath test, a law enforcement officer provided Oglesbee with a modified implied consent advisory. The revised advisory omitted two of the statutory notices because those notices were rendered invalid by Kansas Supreme Court holdings. He argues that omitting the two statutory requirements rendered his consent to take a test and the results thereof inadmissible to determine his level of intoxication. We disagree. Because we find that the officer substantially complied with the statutory notice provisions, we affirm.

FACTUAL AND PROCEDURAL HISTORY

In October 2016, Oglesbee was stopped for failing to maintain a single lane while driving. The officer who stopped him suspected that Oglesbee was driving under the influence of alcohol (DUI). The officer arrested Oglesbee. Oglesbee was presented oral and written implied consent advisories using a revised implied consent advisory. Oglesbee agreed to take a breath-alcohol test which indicated that his breath-alcohol concentration was over .15.

After a hearing, Oglesbee's driver's license was suspended by the Kansas Department of Revenue for failing a breath test. Oglesbee petitioned for review with the district court. Oglesbee argued: (1) the implied consent law, K.S.A. 2016 Supp. 8-1001, was facially unconstitutional and (2) law enforcement failed to give the statutorily required warnings before requesting Oglesbee take a breath test. Accordingly, he asserts that the court must disregard the test results and reinstate his driving privileges.

The district court found the officer substantially complied with the Kansas Implied Consent Law and affirmed the suspension of Oglesbee's driving privileges. Oglesbee timely appeals.

2

Oglesbee raises two issues on appeal, both related to the accuracy of the Implied Consent Advisory provided to Oglesbee before he agreed to take a breath test. He argues that law enforcement faces a legal catch-22 because K.S.A. 2016 Supp. 8-1001 requires a law enforcement officer to provide the implied consent advisories listed in the statute—two of which relate to the right to refuse to submit to the test and the criminalization of refusing to submit to the test which has been declared unconstitutional. Oglesbee sees this as creating a situation where a law enforcement officer must either (1) fail to give the statutorily required warnings or (2) give warnings that have been deemed to be unconstitutional. Both options result in a requirement that the court disregard the test results.

The constitutionality of a statute is a question of law subject to unlimited review. *Solomon v. State*, 303 Kan. 512, 523, 364 P.3d 536 (2015). Appellate courts presume statutes are constitutional and must resolve all doubts in favor of a statute's validity. 303 Kan. at 523.

Under K.S.A. 2016 Supp. 8-1001(a), "[a]ny person who operates or attempts to operate a vehicle within this state is deemed to have given consent, subject to the provisions of this article, to submit to one or more tests of the person's blood [or] breath." But before a test or tests is administered, "the person shall be given oral and written notice" of nine provisions listed by the statute. K.S.A. 2016 Supp. 8-1001(k). Those provisions, known as the implied consent advisories, included a requirement that the person be informed that there was not a constitutional right to refuse the test and that refusing to submit to the test could result in the individual facing a separate criminal charge. K.S.A. 2016 Supp. 8-1001(k)(2), (4).

However, the Kansas Supreme Court held that a driver has a constitutional right to refuse to submit to the requested test, undermining the validity of K.S.A. 2016 Supp. 8-1001(k)(2). See *State v. Ryce*, 303 Kan. 899, 944, 368 P.3d 342 (2016) (*Ryce I*), *aff'd on reh'g* 306 Kan. 682, 396 P.3d 711 (2017) (*Ryce II*).

As for the notice that the individual could face separate criminal charges for refusing to submit to a test, K.S.A. 2016 Supp. 8-1001(k)(4) was a reference to K.S.A. 2016 Supp. 8-1025 which criminalized a person's refusal to submit to testing. In *Ryce I*, 303 Kan. at 963, the Kansas Supreme Court held K.S.A. 2014 Supp. 8-1025 was unconstitutional "because it allows the State to criminally punish those who refuse a search that is *not* grounded in the Fourth Amendment."

Subsequently, the Kansas Supreme Court held that providing the notice in K.S.A. 2014 Supp. 8-1001(k)(4) to an individual was "inaccurate and cannot serve as the basis for voluntary consent." *State v. Nece*, 303 Kan. 888, Syl. ¶ 1, 367 P.3d 1260 (2016) (*Nece I*), *aff'd on reh'g* 306 Kan. 679, 396 P.3d 709 (2017) (*Nece II*).

Based on the holdings in *Ryce* and *Nece*, law enforcement began providing a revised implied consent advisory to suspected intoxicated drivers. The form in this case, known as the DC-70, was a revised version dated July 2016. It does not inform the individual that he or she does not have a constitutional right to refuse to submit to the test, nor does it inform the individual that he or she can be subject to criminal charges for refusing to submit to the test. Oglesbee argues that law enforcement did not provide the statutorily required notices and, in fact, could not constitutionally do so. As a result, he argues the test results must be disregarded.

This issue has been addressed several times by this court, with each panel determining that a law enforcement officer was not required to strictly adhere to the statutory notice provisions under the circumstances. See *Leivian v. Kansas Dept. of*

4

*Revenue*, No. 119,249, 2019 WL 166541, at *4 (Kan. App. 2019) (unpublished opinion); *Ackerman v. Kansas Dept. of Revenue*, No. 118,128, 2018 WL 3673168, at *2-3 (Kan. App. 2018) (unpublished opinion), *rev. denied* 310 Kan. 1061 (2019); *State v. Barta*, No. 117,990, 2018 WL 1883878, at *5 (Kan. App. 2018) (unpublished opinion); *Bynum v. Kansas Dept. of Revenue*, No. 117,874, 2018 WL 2451808, at *3 (Kan. App. 2018) (unpublished opinion); *White v. Kansas Dept. of Revenue*, No. 117,956, 2018 WL 1769396, at *6 (Kan. App. 2018) (unpublished opinion). Although not bound by these decisions, we agree with the analysis provided by our colleagues. See *State v. Fleming*, 308 Kan. 689, 706, 423 P.3d 506 (2018) (one Kansas Court of Appeals panel is not bound by another panel's decision).

Generally speaking, an arresting officer is required to substantially comply with the statutory notice provisions in K.S.A. 2016 Supp. 8-1001. "To substantially comply with the requirements of the statute, a notice must be sufficient to advise the party to whom it is directed of the essentials of the statute." 243 Kan. at 213.

> "The purpose of the implied consent advisory is to inform a driver of the law regarding submission to a requested test and the potential consequences arising from a test failure or test refusal. If the information provided by statute is unconstitutional and unenforceable, the purpose of the implied consent is subverted if the arresting officer provides a driver with notice of those unconstitutional and unenforceable provisions." *Leivian*, 2019 WL 166541, at *5.

Because the provisions of K.S.A. 2016 Supp. 8-1001(k)(2) and (4)—advising a driver that there was no a constitutional right to refuse the test and that refusing to submit to the test could result in the individual facing a separate criminal charge—are unconstitutional and unenforceable, they are no longer essential to the statute. Therefore, law enforcement in this case substantially complied with the statute by providing the implied consent notices from the revised DC-70. This conclusion is also bolstered by the Legislature's clear intent that "if any clause, paragraph, subsection or section of this act

5

shall be held invalid or unconstitutional, it shall be conclusively presumed that the legislature would have enacted the remainder of this act without such invalid or unconstitutional clause, paragraph, subsection or section." K.S.A. 8-1007.

By providing Oglesbee with the implied consent advisories in the revised DC-70, law enforcement substantially complied with K.S.A. 2016 Supp. 8-1001(k). Accordingly, the district court was free to consider the test results in suspending Oglesbee's driving privileges for failing a chemical test.

Affirmed.