NOT DESIGNATED FOR PUBLICATION

No. 123,717

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TRISTAN T. LETTERMAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed December 3, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., MALONE, J., and BURGESS, S.J.

PER CURIAM: Tristan Letterman appeals the district court's decision to revoke his probation and impose his underlying prison sentence for two drug convictions. Letterman moved for summary disposition under Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). The State agreed that summary disposition was appropriate, and we granted Letterman's motion. After reviewing the record, we find no error in the district court's decision to revoke Letterman's probation, and we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

In April 2019, Letterman pleaded guilty to one count of possessing methamphetamine and one count of possessing drug paraphernalia for crimes he committed on January 5, 2018. The district court sentenced Letterman to 18 months' probation, with a 13-month underlying prison term.

In September 2019, the State alleged that Letterman violated probation by failing to report to his probation officer after leaving jail. About two weeks later, the State alleged that Letterman committed new crimes after he was charged with battery of a law enforcement officer and theft. The district court issued warrants for both sets of allegations and held a revocation hearing in October 2019.

At the hearing, Letterman stipulated to the alleged violations and waived his right to an evidentiary hearing, and the district court found that Letterman violated the conditions of his probation. Letterman then asked the court to revoke probation and impose the underlying sentence, recognizing that he had struggled to comply with probation in the past. The district court granted Letterman's request and revoked his probation, imposing the underlying 13-month sentence. Letterman appeals.

ANALYSIS

When a defendant violates probation by committing a new crime, the decision whether to revoke probation is at the district court's discretion. See K.S.A. 2017 Supp. 22-3716(c)(8)(A); *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). The district court abuses this discretion if no reasonable person would agree with its decision, or if it is based on a legal or factual error. *State v. Reeves*, 54 Kan. App. 2d 644, 658, 403 P.3d 655 (2017), *rev. denied* 307 Kan. 992 (2018).

The district court did not abuse its discretion when it revoked Letterman's probation. The parties agree that Letterman violated his probation. He stipulated to all alleged violations, including committing new crimes. At his revocation hearing, Letterman admitted that he was not amenable to probation and explained that he could not comply after just a few days out on bond. As a result, Letterman asked the court to revoke his probation. A reasonable person could agree that Letterman was not amenable to probation and that revocation was appropriate—especially given that Letterman himself agreed with this decision. And because Letterman asked the district court to revoke his probation, the invited error doctrine would prevent him from complaining about it on appeal even if the district court had erred. See *State v. Fleming*, 308 Kan. 689, 696, 423 P.3d 506 (2018) ("[A] party cannot ask a court to take a specific action and then later ask for the judgment to be reversed because the court complied with the request."). The district court did not err in revoking Letterman's probation.

Affirmed.