NOT DESIGNATED FOR PUBLICATION

No. 124,517

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRENT J. BUETTGENBACH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Atchison District Court; JOHN J. BRYANT, judge. Opinion filed October 28, 2022. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 2021 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., GARDNER and CLINE, JJ.

PER CURIAM: Brent J. Buettgenbach appeals the district court's revocation of his probation and the imposition of his prison sentence. We granted Buettgenbach's motion for summary disposition under Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). After a review of the record, we affirm.

FACTUAL AND PROCEDURAL HISTORY

Under a plea agreement with the State, Buettgenbach pled guilty to possession of methamphetamine, in violation of K.S.A. 2018 Supp. 21-5706(a). The district court sentenced Buettgenbach to 30 months' imprisonment but placed him on probation for a period of 18 months.

1

About two months after sentencing, the district court found Buettgenbach violated the terms of his probation and ordered him to serve three days in the county jail as a sanction. Over a year later, in February 2020, Buettgenbach admitted to violating the terms of his probation. He waived his right to a probation extension hearing and agreed to extend his probation for 12 months. On May 17, 2021, the district court extended Buettgenbach's probation for another 12 months after he admitted to violating his probation terms yet again.

On September 20, 2021, Buettgenbach stipulated to violating his probation terms and the district court ordered Buettgenbach to serve a 120-day sanction for this violation. But after ordering the sanction, Buettgenbach requested the judge impose his underlying sentence. Defense counsel confirmed that it was Buettgenbach's desire just to serve his sentence and as Buettgenbach stated that he wanted to be "done with this case." The district court found Buettgenbach surrendered his probation and ordered him to serve his full prison sentence of 30 months, minus any jail credit established.

Buettgenbach timely appeals.

ANALYSIS

Buettgenbach appeals the revocation of his probation, arguing the district court erred when it revoked his probation and imposed his underlying sentence.

Once a probation violation has been established, the decision to revoke probation is within the sound discretion of the district court. See *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020); *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). A district court abuses its discretion if it bases its decision on legal or factual errors or if no reasonable person would agree with its decision. *State v. Ballou*, 310 Kan. 591, 615,

448 P.3d 479 (2019). Buettgenbach bears the burden to show an abuse of discretion by the district court. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

The district court did not abuse its discretion when it revoked Buettgenbach's probation. Buettgenbach stipulated to the alleged violations and then asked the court to revoke his probation and impose his underlying sentence. A reasonable person could agree that Buettgenbach was not amenable to probation and that revocation was appropriate, especially given that Buettgenbach himself asked for this decision. And because Buettgenbach asked for the district court to revoke his probation and impose his underlying sentence, the invited error doctrine prevents him from complaining about it on appeal even if the district court had erred. See *State v. Fleming*, 308 Kan. 689, 696, 423 P.3d 506 (2018) ("[A] party cannot ask a court to take a specific action and then later ask for the judgment to be reversed because the court complied with the request."). The district court did not err in revoking Buettgenbach's probation and imposing his underlying sentence.

Affirmed.