NOT DESIGNATED FOR PUBLICATION

No. 127,096

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DONTENIZE L. KELLY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; FAITH MAUGHAN, judge. Submitted without oral argument. Opinion filed March 7, 2025. Affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Robin L. Sommer*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., GARDNER and HURST, JJ.

PER CURIAM: Dontenize Kelly spent 650 days in custody awaiting the disposition of two criminal cases. Following a guilty plea, the district court sentenced Kelly and ordered that he serve the sentences in the two cases consecutively. The court then applied the entire 650 days of Kelly's jail credit to his sentence in the first case. It did not apply any jail credit to his sentence in the second case, as his jail credit had been exhausted and any additional credit would have been duplicative. Kelly now appeals the district court's denial of jail credit in that second case. We affirm the district court's judgment.

1

FACTUAL AND PROCEDURAL BACKGROUND

In October 2022, Kelly pleaded guilty to two counts of second-degree murder in the case that is now before us (the murder case). In exchange for Kelly's guilty plea, the State agreed to recommend that the district court impose the standard grid-box sentence for each conviction but allow the sentences to be served concurrently.

Kelly committed these offenses when he was on probation for aggravated assault in another criminal case (the probation case). In his plea in the murder case, Kelly acknowledged that his new offenses violated the terms of his probation in the probation case. He agreed that his probation could be revoked and that the underlying sentence (35 months in prison) could be imposed. Kelly also acknowledged that any sentence in the murder case would run consecutive to his sentence in the probation case.

In keeping with the parties' plea agreement, the district court sentenced Kelly to 586 months of imprisonment in the murder case (comprising concurrent prison sentences of 586 and 155 months, based on his criminal history score of B), to be served consecutively to the sentence in the probation case. As a result, Kelly's controlling sentence was a combined 621 months in prison for the two cases.

Kelly accrued 650 days of jail credit while in custody awaiting the disposition of his charges. At the sentencing hearing, the district court told Kelly that "[a]ny time you have served on this case, waiting for this sentence, will go as a credit towards your underlying sentence." The journal entry then awarded the 650 days of jail credit towards Kelly's sentence in the probation case. The district court did not apply any jail credit toward the sentence in the murder case. A note on the journal entry explained that the sentence in the murder case was consecutive to the sentence in the probation case, and Kelly was "not eligible for duplicate credit."

2

Kelly appeals the district court's decision not to apply any jail credit in the murder case. He argues that the applicable jail-credit statute and the Kansas Supreme Court's holding in *State v. Hopkins*, 317 Kan. 652, 537 P.3d 845 (2023), required the court to apply 650 days of jail credit in *each* case pending against him.

Kelly acknowledges that he did not raise this claim before the district court, an issue that ordinarily might weigh against our consideration of the issue on appeal. But the facts relating to Kelly's jail credit are undisputed, and *Hopkins*—which primarily involves a question of statutory interpretation—was not decided until after Kelly was sentenced. In other words, our review of Kelly's jail-credit claim is possible and warranted based on the record before us. See *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015); see also *Hopkins*, 317 Kan. at 656 (appellate courts exercise plenary review over interpretation of the jail-credit statute). We thus proceed to consider Kelly's claim.

Kansas law allows defendants in criminal cases a credit toward their controlling prison sentences for time spent incarcerated while a case is pending. The general contours of this credit for Kelly's case were defined in K.S.A. 2020 Supp. 21-6615(a), which required a court to calculate a starting date for a convicted defendant's sentence that "reflect[ed] . . . an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case."

Kansas courts previously interpreted this language to allow a defendant to receive jail credit only if they were being held "solely" on the crime charged. *State v. Smith*, 309 Kan. 977, 981, 441 P.3d 1041 (2019); *Campbell v. State*, 223 Kan. 528, 529-31, 575 P.2d 524 (1978). This meant that criminal defendants who were held in jail with multiple cases pending against them would receive jail credit for *none* of those cases. *Hopkins*, 317 Kan.

at 657-59. The Kansas Supreme Court reconsidered and rejected this interpretation in *Hopkins* and concluded that a person should receive one day of credit toward their sentence for every day spent in jail while their case was pending. 317 Kan. at 657. The court thus held that "because Hopkins spent 572 days in jail while his case was pending, Hopkins must be awarded 572 days in jail time credit against his . . . sentences." 317 Kan. at 659.

Relying on this language, Kelly argues that the Kansas Supreme Court's ruling in *Hopkins* demands that he receive jail credit toward each case that was pending while he was incarcerated. He asserts that the central holding in *Hopkins* was that courts should not impose limitations on jail credit that are not otherwise found in the jail-credit statute. Kelly notes that K.S.A. 2020 Supp. 21-6615(a) states that the date a person's sentence commences must "reflect and . . . be calculated" to allow for "the time which the defendant has spent incarcerated pending the disposition of the defendant's case"—not pending the disposition of the defendant's case "*unless it is applied to another case*." We do not find this argument persuasive for several reasons.

First, our Supreme Court has already held that "if consecutive sentences are imposed in separate cases, the defendant is still only entitled to a single day of jail time credit for each day spent in jail." *State v. Davis*, 312 Kan. 259, 287, 474 P.3d 722 (2020). Thus, "'[j]ail credit awarded in two cases for the same dates can only be counted once when sentences are run consecutively.'" 312 Kan. at 287.

Kelly contends that relying on *Davis* is misguided because that case looked to outdated caselaw—namely, decisions that predated *Hopkins*—when courts only allowed jail credit for time spent in custody "solely on account of" the case being sentenced. See *Davis*, 312 Kan. at 287. But *Hopkins* is not inconsistent with *Davis*. The pertinent issue in *Davis* was not whether he was held "solely on account of" the case in which he was seeking jail credit; instead, the *Davis* court simply found that he was not entitled to 599

4

days of jail credit in one case because those 599 days of jail credit had "already been 'used up'" in another case that he was sentenced to serve consecutively. 312 Kan. at 288.

As we pointed out in *State v. Feikert*, 64 Kan. App. 2d 503, 509, 553 P.3d 344 (2024), *petition for rev. filed* August 12, 2024, "[n]othing in *Hopkins* suggests that the Kansas Supreme Court intended that decision to modify *Davis'* rule that prohibits duplicative credit in instances where a defendant receives consecutive sentences in multiple cases." Based on this reasoning, *Feikert* rejected the very argument that Kelly makes here.

Kelly correctly points out that we are not bound to follow *Feikert*. See *State v. Fleming*, 308 Kan. 689, 706, 423 P.3d 506 (2018) (Court of Appeals panels may disagree with other decisions from our court.); Supreme Court Rule 8.03(k)(1) (2024 Kan. S. Ct. R. at 61) (case pending on petition for review has no precedential value). But we find the reasoning of *Feikert* persuasive and thus join the growing number of panels adopting *Feikert*'s rationale and holding. See, e.g., *State v. Mills*, No. 127,057, 2024 WL 4799513, at *4 (Kan. App. 2024) (unpublished opinion) (adopting *Feikert* as persuasive authority), *petition for rev. filed* December 16, 2024; *Ridge v. Kansas Dept. of Corrections*, No. 126,654, 2024 WL 4314711, at *2-3 (Kan. App. 2024) (unpublished opinion) (citing *Feikert* favorably), *petition for rev. filed* October 3, 2024.

Kelly also argues that the Kansas Legislature's decision to amend K.S.A. 21-6615(a) in 2024 to explicitly disallow duplicative credit signaled a recognition that this credit was available under the statute in effect when Kelly was sentenced. See K.S.A. 2024 Supp. 21-6615(a)(2)(A); L. 2024, ch. 96, § 7. But as the *Feikert* panel explained, the 2024 amendment merely codified the Kansas Supreme Court's previous holding that a defendant is not entitled to duplicative jail credit towards consecutive prison sentences imposed in multiple cases. 64 Kan. App. 2d at 509-10. Again, we agree with this analysis.

In his brief, Kelly points to two post-*Hopkins* cases where other panels of this court have ordered a district court to award jail credit. But both cases involved defendants who were not awarded *any* jail credit by the district court. See *State v. Brown*, No. 125,797, 2023 WL 8521389, at *3 (Kan. App. 2023) (unpublished opinion); *State v. Breese*, No. 125,837, 2023 WL 8520792, at *3 (Kan. App. 2023) (unpublished opinion).

Here, Kelly received credit toward his controlling sentence for all the days he spent in jail. Kelly is not entitled to another 650 days of jail credit toward his consecutive sentence in the murder case. As the *Feikert* court explained, K.S.A. 21-6615(a) requires that "a defendant should receive one day of credit—not multiple days—toward a controlling prison sentence for every day spent in jail." 64 Kan. App. 2d at 508.

Kelly was entitled to 650 days of jail credit against his controlling prison sentence. He received that credit when the district court applied it in the probation case. Because the sentence in Kelly's murder case runs consecutive to that sentence, the district court's jail-credit award will ultimately reduce the total time Kelly is incarcerated by 650 days. He is not entitled to an *additional* 650 days of jail credit here.

Affirmed.